# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

H&A Investment Properties, Inc,

     Plaintiff,

v.

Sky One Construction, LLC, d/b/a R and S
Construction, Sango Park, Hangbok Park-
Bacevic, Sue Park and John Does 1-10.

     Defendants,

CASE NO: _____

## VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**COMES NOW** Plaintiff H&A Investment Properties, Inc, by and through

undersigned counsel, and files this Complaint against Sky One Construction, LLC

d/b/a R and S Construction, Sango Park, Hangbok Park-Bacevic, Sue Park, and John

Does 1-10 showing this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

H&A Investment Properties, Inc ("Plaintiff H&A") is a for-profit corporation

incorporated under the laws of the State of Georgia. Plaintiff H&A's principal place

of business is located at 1820-C Independence Square, Dunwoody, GA 30338.

### 2.

Defendant Sky One Construction, LLC, d/b/a R and S Construction

("Defendant Sky One"), is a Georgia limited liability company with a principal place

of business at 955 Old Conyers Rd, Stockbridge, GA, 30281. It may be served with Process through its registered agent Hangok Park-Bacevic at 955 Old Conyers Road, Stockbridge, GA 30281. All of Sky One's members reside in the Northern District of Georgia.

3.

Defendant Sango Park ("Defendant Sango") is domiciled in Georgia and may be served with Process at his usual abode located at 955 Old Conyers Road, Stockbridge, GA 30281.

4.

Defendant Hangbok Park-Bacevic ("Defendant Hangbok") is domiciled in Georgia and may be served with Process at his usual abode located at 955 Old Conyers Road, Stockbridge, GA 30281.

5.

Defendant Sue Park ("Defendant Sue") is domiciled in Georgia and may be served with the Process at her usual abode located at 955 Old Conyers Road, Stockbridge, GA 30281.

6.

John Does 1-10 are unknown co-conspirators that may be officers, directors, employees or agents of Sky One.

7.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the federal claims arise under the laws of the United States.

8.

This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

9.

Venue is proper in the United States District Court for the Northern District of Georgia (the "District"), pursuant to 28 U.S.C. 1391(b), as all Defendants are domiciled in the District and Defendants have availed themselves of this Court's jurisdiction by committing the intentional tort of fraud in this District. Venue is further proper in this District under 18 U.S.C. 1965 as all the Defendants are domiciled in the District.

10.

This Court has personal jurisdiction over all Defendants as the Defendants are domiciled in Georgia.

## **INTRODUCTION**

Defendants Sango, Hangbok, and Sue are family members that, together with their company Sky One, have engaged in a pattern of racketeering activity to achieve ill-begotten gains. The instant action arises from a purported general contractor

relationship between Plaintiff H&A and Defendant Sky One, whereby Defendants Sky One, Sango and Hangbok successfully conspired, schemed and defrauded Plaintiff H&A out of $1,130,000.00 over a six (6) month period under the guise that payments made by Plaintiff H&A were for work completed under a purported general contractor agreement. These invoices were sent via the wires and were false, misleading, and did not represent the actual work supposedly completed.

Rather than paying subcontractors and completing the work on Plaintiff H&A's property, Defendants acting jointly, severally,  and in concert with one another used the monies to (1) purchase a $93,000 vehicle for Defendant Sue, (2) payoff a residential real property debt in the amount of $114,733.22, (3) transfer tens of thousands of dollars to themselves,  and (4) purchased in excess of $78,000 worth of firearms and firearm related accessories from merchants located within and outside of Georgia state lines. The Defendants' scheme caused Plaintiff H&A to incur significant losses, including, but not limited to, the imposition of liens on Plaintiff H&A real property, other financial losses, and the loss of use of its personal and real property.

For their actions, Defendants are liable jointly and severally for violations of both federal and state law.

## FACTS

## THE RICO ENTERPRISE

11.

Defendants Hangbok, Sango and Sue are family members that reside in the same home located at 955 Old Conyers Road Stock Bridge, GA 30281.

12.

Defendant Sue is Defendant Sango's mother and Defendant Hangbok's grandmother.

13.

Defendant Sango is Defendant Hangbok's uncle.

14.

Upon information and belief, Defendants Hangbok, Sango and Sue own, operate, direct, and control Defendant Sky One from their personal residence located at 955 Old Conyers Road, Stock Bridge, GA 30281.

15.

Defendant Sky One appears to operate under the d/b/a R&S Construction.



**Sky One Construction LLC D.B.A. R and S Construction**

955 Old Conyers Rd
Stockbridge, GA 30281
Phone: (470) 855-2337
Email: hbacevic@gmail.com
Web: sky1construction.com/home

16.

R&S Construction has a business license in Henry County and is registered with the Henry County Tax Commissioner with the address of 955 Old Conyers, Rd., Stock Bridge, GA 30281.



17.

Sky One holds itself out to be a license general contractor construction

company.





18.

Defendant Sango represented to Plaintiff H&A that he [Sango] owns Sky One and holds a general contractor's license, No. GCQA006323.

This Agreement shall be signed on behalf of H&A Investments Properties by H&A Investments Properties and on behalf of Sky One Construction D.B.A R&S Construction by Sango Park, Owner (Contractor's License: GCQA006323) and shall be effective as of the date first written above.

19.

General contractor's license, No. GCQA006323 does not belong to Defendant Sango. Instead, it is an expired license that is registered to Defendant Hangbok.

Results

| Full Name | License # | Profession | License Type | Status | Address |
|---|---|---|---|---|---|
| Hangbok Park-Bacevic | GCQA006323 | Residential/General Contractor | General Contractor Qualifying Agent | Lapsed | Stockbridge GA 30281 |
| 1 | | | | | |

20.

Upon information and belief, Defendant Sky One has never held a general contractor's license in its own name.

21.

As shown below, Defendants Hangbok, Sango, Sue, Sky One and John Does 1-10 acting jointly and in concert with one another conspired to engage in a pattern of racketeering activity to achieve ill-begotten gains. Such pattern included submitting false and misleading invoices on multiple occasions to Plaintiff H&A through interstate wires for work that had not been completed and submitting false,

misleading, and potentially forged credit application to an equipment rental company for the enterprise's benefit. This equipment was subsequently delivered to Plaintiff H&A's real property. Defendant Sky One's failure to pay the rental equipment fees has resulted in a lien to be filed on this property.

## THE PIEDMONT LAKE DEVELOPMENT

### 22.

Plaintiff H&A owns certain real property in Jones County, State of Georgia (the "Jones Property").

### 23.

The Jones Property is being developed for residential development in multiple phases. Phase 1 was previously completed, and Plaintiff H&A is in the process of developing Phase 2 (the "Piedmont Lake Development" or the "Project"), that has approximately 62 acers of natural vegetation.

### 24.

Despite not having the necessary licensure to serve as a general contractor for the Piedmont Lake Development, Defendant Sky One, through Defendant Sango and/or Hangbok, fraudulently represented to Plaintiff H&A that it had the necessary expertise to complete a multiple million-dollar project that required road paving, grading, mass excavation, pond installations, and utilities installations (the "Representations").

25.

Reasonably relying upon the Representations, and after conducting due diligence, Plaintiff H&A entered into an agreement with Defendant Sky One, on April 24, 2024, whereby Defendant Sky One would be the general contractor for the Piedmont Lakes Phase 2 Development of the Jones Property (the "GC Agreement"). The GC Agreement was transmitted by mail, facsimile and/or email to Plaintiff H&A.

26.

H&A agreed to pay Sky One the total sum of $3,816,000, payable over phases, for the services contemplated by the GC Agreement.

27.

Upon executing the GC Agreement, Plaintiff H&A sent a wire payment of $75,000.00 (the "First Payment") to Defendant Sky One's Navy Federal Credit Union checking account ending in 0087 (the "Bank Account").

28.

Upon receipt of the First Payment, Defendant Sky One, through its agents, represented to Plaintiff H&A that work would commence for the Piedmont Lakes Development.

29.

Upon information and belief, Defendant Sky One did not have experience to complete the work contemplated in the GC Agreement and instead Defendant Sky One proceeded to hire unqualified subcontractors to complete work on the Piedmont Lake development.

30.

On April 24, 2024, Plaintiff H&A made a second wire payment of $125,000 to Defendant's Sky One's Bank Account (the "Second Payment").

31.

At the time of the Second Payment, Plaintiff H&A reasonably believed Defendant Sky One was operating in good faith and was diligently completing the work at the Piedmont Lake Development.

32.

On May 23, 2024, Plaintiff H&A wired payment of $300,000.00 dollars to Defendant Sky One's Bank Account for alleged work completed under the GC Agreement (the "Third Payment").

33.

Unbeknownst to Plaintiff H&A, the same day the Third Payment was received, Defendant Sky One had over-drafted its business Bank Account:



| 05-23 | POS Debit- Business Debit Card 1775 05-21-24 Jones County Board 888-4774500 IL | 78.00- | 2,390.53 |
| 05-23 | POS Debit- Business Debit Card 1775 05-21-24 Jones County Plann 478-8866405 GA | 2,400.00- | 9.47- |
| 05-24 | Transfer From Shares Sky One Construction LLC | 9.47 | 0.00 |
| 05-24 | Bank Wire Deposit | 300,000.00 | 300,000.00 |
| 05-24 | Business Debit Card Overdraft Fee 05-24-24 Jones County Plann | 29.00- | 299,971.00 |
| 05-24 | Transfer To Checking Bok Park-Bacevic | 1,000.00- | 298,971.00 |

## MISSAPPROPRIATION OF FUNDS

34.

Flushed with Plaintiff H&A money the enterprise had successfully defrauded from Plaintiff H&A, Defendants Sango, Hangbok, Sue and John Does 1-10, acting joint and in concert, used Defendant Sky One's Bank Account as a personal account and went on a spending spree.

35.

Specifically, just two days after receiving the Third Payment, Defendant Sango spent $93,000.00 from Defendant Sky One's Bank Account purchasing a brand-new Mercedes Benz vehicle (the "Vehicle") for his mother, Defendant Sue.



36.

Meanwhile, work on the Piedmont Lake Development had come to a near standstill; yet, Defendant Sky One, though its agents, continued to represent to Plaintiff H&A that the Piedmont Lake Development was on schedule, things were going well, and continued sending false and misleading invoices to Plaintiff H&A.

37.

On or about June 17, 2024, Defendant Sky One executed a credit application with Yancey Bros ("Yancey") to rent heavy duty equipment from Yancey (the "Yancey Equipment Rental"). Based on publicly available information, Defendant Sue and Defendant Sango represented themselves out as owners of Defendant Sky One and each personally guaranteed the credit application.

38.

Plaintiff H&A was not aware, nor did it control what vendors or

subcontractors were used by Defendant Sky One.

39.

On or about June 21, 2024, Plaintiff H&A wired $200,000.00 to Defendant Sky One for work allegedly completed under the GC Agreement.

40.

The Yancey Equipment Rental was delivered to the Piedmont Lake Development in late July 2024 without notice or involvement of Plaintiff H&A.

41.

Unbeknownst to Plaintiff H&A, Defendant Sky One did not pay Yancey for the Yancey Equipment Rental.

42.

Instead of paying vendors and subcontractors and actually completing work, Defendant Sky One continued to use the monies it defrauded from Plaintiff H&A for its members' and Defendants' own personal benefit. These personal benefits included a pattern of buying approximately $78,000 worth of firearms and firearm related accessories (the "Firearm Purchases") from sellers located inside and outside of Georgia, paying  personal debts of its members and Defendants, and wiring money to personal bank accounts of its members, members' relatives, and Defendants.

43.

Upon information and belief, the Firearm Purchases were made by Defendants directly or indirectly through John Does 1-10 – an apparent violation of 18 U.S.C. §932.

44.

The purchases occurred both in person and via the internet. On some occasions, the internet purchases were from businesses located outside Georgia.

45.

By way of a limited example, Sky One's debit card was used to purchase firearms, munitions, and firearm related accessories as follows:

| Date | Vendor | Amount |
|------|--------|--------|
| 5/28/24 | Amchar Georgia | $1,646.75 |
| 5/29/24 | Amchar Georgia | $1,295.98 |
| 5/29/24 | Section 8 Tactical (GA) | $1,892.83 |
| 6/06/24 | Amchar Georgia | $431.99 |
| 7/11/24 | Full Blown Firearm | $576.62 |
| 7/11/24 | Beretta Catalogue (MD) | $201.91 |
| 8/9/24 | Amchar Georgia | $129.52 |
| 8/9/24 | Full Blown Firearm (GA) | $618.00 |

| 8/9/24 | Ammo Com (LA) | $3,429.69 |
| 8/12/24 | Kt Armory, LLC (GA) | $4,000.00 |
| 8/19/24 | Ammo Com (LA) | $1,154.97 |

46.

During this time period, unbeknownst to Plaintiff H&A, Defendant Sky One was not paying subcontractors and vendoors; yet, Sky One, through its agents, continued to invoice Plaintiff H&A for work allegedly completed under the GC Agreement despite the work not being completed.

47.

Plaintiff H&A was not aware, nor did it have reason to believe, that (1) Defendant Sky One was not paying the subcontractors and vendors and (2) Defendant Sky One was invoicing for work that had not been done

48.

Believing that things were going according to schedule and subcontractors and vendors were being paid, Plaintiff H&A remitted an additional $430,000.00 to Defendant Sky One as follows:

1.  $400,000 check on July 30, 2024; and

2.  $30,000 wire on July 30, 2024.

49.

By July 30, 2024, Plaintiff H&A had remitted payments to Sky One totaling $1,130,000 (the "Total Payments").

50.

Shortly after receiving the Total Payments, Sky One fired a subcontractor that was completing "work" at the Piedmont Lakes Development and had workers threaten to stop work at the Piedmont Lakes Development.

51.

Due to Defendant Sky One's delay and excuses at the Piedmont Lake Development, Plaintiff H&A retained an independent general contractor to come and review the work completed by Defendant Sky One and subcontractors used by Sky One.

52.

Defendant Sky One, despite billing for $1,130,000.00 worth of work and expenses and making repeated representations that the Piedmont Lake Development was on schedule  had only completed approximately $100,000.00 worth of work at the Piedmont Lake Development.

53.

Actually, Defendant Sky One, either directly or through subcontractors, completed some grading that was done incorrectly and cleared trees without

removing debris and downed trees. Also, Defendant Sky One, either directly or through subcontractors, attempted to cut some roads but failed to correctly complete that part of the work and further improperly dug a pond. It is anticipated that more improper work will be discovered as Plaintiff H&A's new general contractor continues to correct and complete the work Defendant Sky One was contractually obligated to complete under the GC Agreement.

54.

Due to this material breach of the GC Agreement, Plaintiff H&A terminated the GC Agreement on or about August 19, 2024, and was forced to retain a new general contractor to complete the work Defendant Sky One failed to complete.

55.

Due to Defendants' actions, Plaintiff H&A has suffered and incurred delay and the additional expense of hiring a general contractor to complete the work Defendant Sky One failed to complete.

56.

On or about August 21, 2024, Defendants acting jointly, severally, and in concert used the ill-begotten gains that were deposited into Sky One's Bank Account to pay off the $114,733.72 mortgage owed by Defendant Sue on the real property located at BK 15653 PG 210-212 (the "Old Conyers Property").



57.

Due to Defendant Sky One's failure to pay the subcontractors and vendors, the following subcontractors and vendors attempted to file liens on Jones Property for the following amounts:

1. Yancey Bros. Co, Materialman's and Mechanic's Lien – $ 267,542.25

2. Synergy Rents, LLC – $108, 377.24

3. Derius Richardson/ Premier Grading – $595,868.00

58.

To mitigate damages, Plaintiff H&A filed challenges to the Yancey Bro's Co., lien and the Derius Richardson/ Premier Grading Lien.

59.

Plaintiff H&A successfully extinguished the Premier Grading Lien; however, Yancey Bro's Co., has filed suit against Defendants Sky One, Sango, Hangbok, and Sue for monies owed and damages to its equipment, *Yancey Brothers Co., v. Sky One Construction, LLC et al*. Henry County Superior Court Action, SUCV2025000035 ("Yancey Lawsuit").

60.

Notably, public filings reflect that Defendant Sue is accusing a co-defendant in the Yancey Lawsuit with forging her signature on the Yancey credit application and personal guaranty. A credit application that allowed Defendant Sky One to rent heavy equipment that was delivered to the Jones Property and led to Yancey filing a lien on the Jones Property.

61.

To date, there are two mechanic and materialmen's liens encompassing the Jones Property (the "Active Liens").

62.

The Active Liens are interfering with Plaintiff H&A's ability to sell the Jones Property.

63.

Defendants' actions evidence a conscious disregard for the corporate integrity of Defendant Sky One such that the corporate veil should be pierced.

64.

Upon knowledge, information and belief, Defendants have acted jointly, severally and in concert with one another and have benefited from their improper actions.

65.

All conditions precedent required to bring this lawsuit, if any, have been met. Particularly, Defendant Sky One and Plaintiff H&A have waived, to the extent it is determined the GC Agreement is an enforceable agreement, the mediation condition precedent clause in the GC Agreement.

## COUNT I
## RICO VIOLATION (§ 1962(c))
## AGAINST ALL DEFENDANTS

66.

Plaintiff reavers and incorporates by reference the allegations contained in paragraphs 1-65 as though set forth in their entirety.

67.

At all times relevant, Defendants constituted an "enterprise" as that term is defined in 18 U.S.C. § 1961(4) – that is, a group of individuals and legal entities

associated in fact, which engaged in, and the activities which affected, interstate commerce, and foreign commerce. Each of the Defendants participated in the operation or management of the enterprise, which Defendants Sango, Hangbok, and Sue orchestrated, coordinated and led and received material benefits from their actions.

68.

In addition to any legitimate transactions, the course of conduct of this enterprise included a pattern of racketeering activity carried out by the Defendants jointly and severally and acting in concert.

69.

Each of the Defendants knowingly and willfully associated with the association-in-fact enterprise and conducted and participated in the conduct of the enterprise's affairs, directly and indirectly, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

70.

The pattern of racketeering activity in which Defendants jointly and severally and acting in concert engaged involved numerous specific acts and conduct as described in detail in this Complaint constituting, mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. §1343), and straw man purchases (18 U.S.C. §932) – all of which is "racketeering activity" as defined in 18 U.S.C. § 1961(1)(A).

71.

The predicate act of mail fraud and wire fraud involved the transmission of false representations to Plaintiff H&A in furtherance of the Defendants' scheme to defraud Plaintiff H&A of more than one (1) million dollars for "purported work" completed at the Piedmont Lake Development. Particularly, Defendant Sky One, through agents, submitted multiple false and misleading invoices to Plaintiff H&A, whereby Defendant Sky One (directly and through agents) represented it had competed work on the Piedmont Lake Development. This work was not completed.

72.

In addition, while Defendants were submitting false and misleading invoices to Plaintiff H&A, it appears that Defendants were continuing their pattern of racketeering activity by submitting purportedly forged signatures on a personal guaranty and credit application to Yancey to obtain heavy equipment that was delivered to Plaintiff H&A's Jones Property and caused Yancey to place a lien on the Jones Property.

73.

As a direct and proximate result of the pattern of racketeering activity, Plaintiff H&A has suffered damage to its business and property. Particularly, Plaintiff H&A (1) paid out in excess of 1 million dollars for the false and misleading invoices and (2) had lien placed on the Jones Property that inhibits Plaintiff H&A's

ability to sell and market its real property.

### 74.

As such, Plaintiff H&A is entitled to an award against Defendants jointly and severally of actual and consequential damages, plus treble damages pursuant to 18 U.S.C. § 1964.

### 75.

Plaintiff H&A is further entitled to its attorneys' fees, expenses, costs, and interest.

### 76.

Moreover, Plaintiff H&A is entitled to an injunction enjoining the Defendants from engaging in the wrongful conduct alleged in this Complaint.

## COUNT II

## RICO Violation (§ 1962 (d))

### 77.

Plaintiff reavers and incorporates by reference the allegations contained in paragraphs 1-76 as if though set forth fully herein.

### 78.

From March 2024 to the present, Defendants acting jointly and severally and in concert unlawfully, knowingly, and intentionally, combined, conspired,

confederated, and agreed with each other and with others whose names are known or unknown, to conduct and  participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity set forth in this Complaint in violation of 18 U.S.C. § 1962 (d).

79.

The pattern of racketeering activity in which the Defendants acting jointly and severally and in concert intentionally combined to engage in or otherwise conspired to engage in involved numerous specific acts and conduct as described in detail in this Complaint constituting mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), straw man purchases (18 U.S.C. §932) – all of which is "racketeering activity" as defined in 18 U.S.C. § 1961 (1) (A).

80.

The predicate acts of mail and wire fraud also involved the transmission of false or misleading documentation in furtherance of Defendants' scheme to defraud Plaintiff H&A in excess of 1 million dollars in connection with the Piedmont Lake Development. Particularly, Defendant Sky One, through its agents, submitted false and misleading invoices to Plaintiff H&A, whereby it represented it had competed work at the Piedmont Lake Development – work that had never been completed.

81.

As a direct and proximate result of this pattern of racketeering activity,

Plaintiff H&A has suffered damage to its business and property. Particularly, Plaintiff H&A (1) paid out in excess of 1 million dollars for the false and misleading invoices and (2) had lien placed on the Jones Property that inhibits Plaintiff H&A's ability to sell and market its real property.

82.

In furtherance of this racket, while Defendants were submitting false and misleading invoices to Plaintiff H&A, it appears that Defendants were continuing their pattern of racketeering activity by submitting purportedly forged signatures on a personal guaranty and credit application to Yancey to obtain heavy equipment that was delivered to Plaintiff H&A's Jones Property and caused Yancey to place a lien on Plaintiff H&A's Jones Property.

83.

As such, Plaintiff H&A is entitled to an award against Defendants jointly and severally of actual and consequential damages, plus treble damages pursuant to 18 U.S.C. § 1964.

84.

Plaintiff H&A is further entitled to its attorneys' fees, expenses, costs, and interest.

85.

Moreover, Plaintiff H&A is entitled to an injunction enjoining the Defendants

from engaging in the wrongful conduct alleged in this Complaint.

<u>**COUNT III**</u>
**FRAUD**
**AGAINST DEFENDANTS SKY ONE, SANGO AND HANGBOK**

86.

Plaintiff reavers and incorporates by reference the allegations contained in paragraphs 1-85 as if though set forth fully herein.

87.

Defendant Hangok, using Defendant Sky One as a shield, falsely represented to Plaintiff H&A that his company had the experience, capabilities, and licensure to complete a project of the size, magnitude and complexity of the Piedmont Lake Development (the "Representations").

88.

The GC Agreement further misrepresented that Defendant Sango was a licensed general contractor in Georgia.

This Agreement shall be signed on behalf of H&A Investments Properties by H&A Investments Properties and on behalf of Sky One Construction D.B.A R&S Construction by Sango Park, Owner (Contractor's License: GCQA006323) and shall be effective as of the date first written above.

89.

Defendant Sango participated in the misrepresentations by holding himself out as a licensed general contractor in Georgia and executing the GC Agreement that contained the misrepresentations on behalf of Defendant Sky One.

90.

Defendant Sango falsely and intentionally used Defendant Hangbok's general contractor's license as his own to induce Plaintiff to execute the GC Agreement.

| Full Name | License # | Profession | License Type | Status | Address |
|---|---|---|---|---|---|
| **Hangbok Park-Bacevic** | GCQA006323 | Residential/General Contractor | General Contractor Qualifying Agent | Lapsed | Stockbridge GA 30281 |
| 1 | | | | | |

91.

Upon information and belief, Defendant Hangbok, as an owner of Sky One, knew that Sky One's GC Agreement falsely attributed Defendant Hangbok's license to Defendant Sango.

92.

From the onset, Defendants Sky One, Hangbok, and Sango knew their Representations made before and within the GC Agreement were false.

93.

Defendants Sky One, Hangbok, and Sango made these false Representations in furtherance of their scheme to defraud Plaintiff to payout in excess of 1 million dollars to Sky One.

94.

Plaintiff H&A reasonably and justifiably relied, to its detriment, on the truthfulness of Defendants Sky One, Hangbok, and Sango's false representations

concerning their licensure, experience, and work completed at the Sky One Development.

95.

Defendants Sky One, Hangbok, and Sango knew, or should have known that Plaintiff H&A would rely on and intended that Plaintiff H&A so rely on their truthfulness.

96.

Defendants Sky One, Hangbok and Sango's actions were unusual, suspicious, and inconsistent with a contracting party who had been acting in good faith.

97.

But for Defendants Sky One, Hangbok, and Sango's misrepresentations, omissions, concealment of material facts, and fraudulent course of conduct, Plaintiff would have never (1) entered into the GC Agreement, and (2) remitted $1,130,000.00 in payments for work that was not completed and/or for sub-contractors and vendors that were not paid which resulted in liens being placed on Plaintiff H&A's property.

98.

At no time did Plaintiff H&A know or have reason to know in the exercise of due diligence or reasonable care that Defendants Sky One, Hangbok, and Sango were collectively engaged in misrepresentations, omissions, and fraudulent conduct.

99.

As a direct and proximate cause of Defendants Sky One, Hangok, and Sango's misrepresentation, omissions, concealment of material facts, and fraudulent course of conduct, Plaintiff has sustained actual damages in an amount to be shown at trial, but in no event less than $1,130,000.

100.

Defendants Sky One, Hangbok, and Sango's actions are the result of their willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to the consequences, allowing for the imposition of punitive damages against Defendants Sky One, Hangbok, and Sango jointly and severally in accordance with Georgia law.

101.

Plaintiff H&A prays for an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1(b) as the actions taken by Defendants jointly and severally were done willfully, with malice, with an intent to harm, and with entire want of care with a conscious indifference to the consequences. Thus, punitive damages should be awarded to punish, penalize, and deter the Defendants, jointly and severally for their wrongful misconduct, in an amount to be determined at trial.

102.

To the extent Defendant Sango, Hangbok, or any Defendant(s) claim they

were operating as Sky One, Defendant Sango, Hangok, and or any Defendant(s) cannot shield themselves from liability behind Sky One for the tort of fraud.

103.

Defendant Sky One, Sango, and Hangbok have acted in bad faith, been stubbornly litigious and caused Plaintiff H&A to incur unnecessary trouble and expense. Thus, pursuant to O.C.G.A. § 13-6-11, Plaintiff H&A is entitled to an award of its attorneys' fees and costs.

104.

Plaintiff is further entitled to an award against Defendants Sky One, Sango, and Hangbok jointly and severally, including compensatory damages, punitive damages, pre-judgment interest at the commercial rate established by Georgia law, post judgment interest, attorneys' fees, and expenses incurred in bringing its claims, in amount to be determined at trial, but in no event less than $1,130,000.00.

## COUNT IV
## BREACH OF CONTRACT
## AGAINST SKY ONE
105.

Plaintiff reavers and incorporates by reference the allegations contained in paragraphs 1-105 as if though set forth fully herein.

106.

Plaintiff H&A pleads this Count in the alternative to Count III above.

107.

Plaintiff H&A complied with all its responsibilities and obligations under the GC Agreement with Defendant Sky One.

108.

Defendant Sky One breached the GC Agreement by: (1) failing to complete the work invoiced by Defendant Sky One to Plaintiff H&A, (2) failing to pay subcontractors and vendors, and (3) allowing liens to be put on Plaintiff H&A's Jones Property.

109.

As a direct and proximate result of Defendant Sky One's breach, Plaintiff H&A has incurred the additional expense of hiring a new general contractor to complete the work Defendant Sky One failed to complete.

110.

Plaintiff H&A has been and continued to be damaged as a result of Defendant Sky One's breach of the GC Agreement.

111.

In breaching the GC Agreement, Defendant Sky One has acted in bad faith, has been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

112.

As such, Plaintiff H&A is entitled to an award against Defendants, jointly and

severally, of its attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

### 113.

In addition, Plaintiff H&A is also entitled to compensatory damages, pre-judgment interest, post-judgment interest, and attorneys' fees, and expenses incurred in bringing this claim in an amount to be determined at trial.

### COUNT V
### UNJUST ENRICHMENT
### AGAINST ALL DEFENDANTS

### 114.

Plaintiff H&A reavers and incorporates by reference the allegations contained in paragraphs 1- 113 as if though set forth fully herein.

### 115.

Plaintiff H&A pleads this Count in the alternative to the Counts above as it relates to Defendant Sky One, and only in the event the Court finds that no agreement existed between Plaintiff H&A and Defendant Sky One.

### 116.

Plaintiff H&A pleads this Count directly against Defendant Hangbok, Sango and Sue as it did not execute any agreement with said Defendants.

### 117.

Plaintiff H&A conferred benefits upon Defendants by providing them with $1,130,000 ("Funds") under the GC Agreement.

118.

Defendant Sky One knowingly accepted the Funds and distributed the Funds to Defendants Sango, Hangbok, Sue and John Does 1-10 without providing value in return for the use of those Funds.

119.

By way of a limited example, Defendant Sky One, through its agents, made the following transfers to Defendants Hangbok, Sango and Sue from its checking and savings accounts.

| Date | Transaction | Amount |
|---|---|---|
| 5/28/2024 | Transfer to Checking Hangok Park-Bacevic (Checking) | $1,1925.00 |
| 5/28/2024 | Transfer to Checking Hangok Park-Bacevic (Checking) | $2,000.00 |
| 5/29/2024 | Transfer to unknown Checking (Checking) | $100,000.00 |
| 5/29/2024 | Check 1010 – New Car for Sue Park (Checking) | $93,000.00 |

| 6/14/2024 | Transfer to Checking Hangbok Park-Bacevic (Checking) | $2,000.00 |
|-----------|------------------------------------------------------|-----------|
| 8/19/2024 | Transfer to Sango Park (Savings) | $25,000.00 |
| 8/19/2024 | Transfer to Checking Sango Park (Checking) | $50,000.00 |
| 08/21/24 | Withdrawal by Check to payoff Sue Park's real property (Savings) | $114,733.72 |
| 08/21/2024 | Transfer to Rosa M. Rocha (Hangbok's Wife) (Savings) | $61,633.33 – Transaction closed Sky One's Business Savings account. |

120.

Defendants jointly and severally have been unjustly enriched at Plaintiff's expense, and the Defendants are therefore liable to Plaintiff jointly and severally in an amount to be proven at trial, in no event less than $1,130,000.00, plus pre-judgment interest, post-judgment interest, and Plaintiff H&A's cost of litigation,

including attorneys' fees.

121.

If Plaintiff H&A's claim and theories of recovery at law provide no relief or incomplete relief, then in addition or in the alternative, Plaintiff H&A seeks equitable relief to provide Plaintiff H&A with a complete remedy and to ensure that Defendants jointly and severally do not enjoy or retain any benefit from their wrongful conduct.

122.

Pursuant to O.C.G.A. § 23-1-7, "[e]quity seeks always to do complete justice. Hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject matter of the action, provided the court has jurisdiction for that purpose." Thus, "[e]quity considers that done which ought to be done and directs its relief accordingly." O.C.G.A. § 23-1-8.

123.

Pursuant to O.C.G.A. § 23-1-12, "[t]he equity of a party who has been misled is superior to the person who willfully misleads such party."

124.

Here, Defendants jointly and severally benefited from their misconduct, and equity and justice require that Defendants jointly and severally disgorge and pay over to Plaintiff H&A each all benefits that Defendants enjoy as the result of their

unjust enrichment and/or fraud.

125.

Pursuant to O.C.G.A. § 53-12-132(a), "[a] constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to the property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."

126.

Defendants have jointly and severally obtained benefits, including but not limited to, a $93,000.00 Vehicle, paying off the Old Conyers Property loan, and obtaining more than $78,000.00 worth of firearms and accessories related thereto.

127.

Regardless of what form or in what amount Plaintiff's relief and remedies may take, Defendants acting jointly and severally in concert, have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff H&A unnecessary trouble and expense, thereby entitling Plaintiff to its attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

## COUNT VI
## ALTER EGO AND PIERCING THE CORPORATE VEIL
## OF DEFENDANT SKY ONE

### 128.

Plaintiff reavers and incorporates by reference the allegations contained in paragraphs 1- 127 as if though set forth fully herein.

### 129.

Defendants Sango, Hangbok, Sue, and John Does 1-10, have disregarded Defendant Sky One's corporate form and made it the mere instrumentality for the transaction of their own affairs.

### 130.

There exists such a unity of interests and ownership between Defendant Sky One and Defendants Sango, Hangobok, Sue, and John Does 1-10, that the separate personalities of Defendant Sky One on the one hand, and the individual Defendants on the other, no longer exist.

### 131.

Defendants Sango, Hangbok, Sue, and John Does 1-10, jointly and severally conspired and combined to disregard the separateness of Defendant Sky One by commingling on an interchangeable or joint basis or confusing otherwise separate property, records, or control of Defendant Sky One with their own. Examples of this co-mingling included but are not limited to, using Defendant Sky One's business

account to (1) purchase a personal Vehicle for Defendant Sue, (2) making transfers from Sky One's accounts to personal accounts of co-defendants as shown in Paragraph 118, (3) paying off the Old Conyers Property debt, and (4) purchasing firearms and firearm related accessories as shown in Paragraph 46.

132.

Defendant Sango, Hangbok, Sue, and John Does 1-10 have over-extended the privilege in their use of Defendant Sky One. Their operation of Defendant Sky One was a sham, designed to defeat justice, perpetuate fraud, or to evade contractual or tort responsibility.

133.

Because Defendant Sky One function merely as the alter egos of Defendant Sango, Hangbok, Sue, and John Does 1-10, and in order to prevent injustice and evasion of liability, Defendant Sky One's veil should be pierced such that Defendants Sango, Hangbok, Sue, and John Does 1-10 are held personally and jointly and severally liable for all debts, obligations, judgment, liabilities, expenses, and claims owed by Defendant Sky One to Plaintiff H&A.

<u>**COUNT VII**</u>
**MULTIPLE VIOLATIONS OF GEORGIA'S UNIFORM VOIDABLE
TRANSACTIONS ACT, O.C.G.A  § 18-2-70 *et seq.*
AGAINST ALL DEFENDANTS**
134.

Plaintiff reavers and incorporates by reference the allegations contained in

paragraphs 1-133 as if though set forth fully herein.

135.

Defendants have transferred money and other assets of Defendant Sky One to themselves and to their creditors for their personal debts.

136.

Defendants' transfers have concealed or removed Defendant Sky One's assets with the actual intent to hinder, delay, or defraud Plaintiff H&A.

137.

As explained above, while inducing Plaintiff H&A to pay Defendants $1,130,000.00, Defendants transferred from Defendant Sky One's corporate accounts (1) $93,000.00 to purchase the Vehicle for Defendant Sue, (2) $114,733.22 to payoff Old Conyers Property mortgage and (3) in excess of $78,000.00 for firearm and firearm related accessory purchases – said purchases being made in person and online across state lines.

138.

Upon information and belief, Defendants made these transfers out of Defendant Sky One business and checking bank accounts without receiving a reasonably equivalent value in exchange for the transfers.

139.

Upon information and belief, at the time of the transfers identified herein,

Defendant Sky One was or became insolvent.

140.

Any transferees of Defendant Sky One had actual inquiry, and/or constructive notice of Plaintiff H&A's claims against Defendants and therefore could not possibly have engaged in any such transfers in good faith.

141.

As set forth herein, Defendants owe hundreds of thousands of dollars to Plaintiff H&A, and therefore Plaintiff H&A has "claims" against those Defendants jointly and severally as defined in the Uniform Voidable Transactions, Act, O.C.G.A. § 18-2-70 *et seq.* ("UTVA").

142.

At all times relevant herein, Plaintiff H&A has been a creditor of the Defendants on its claims as defined in the UTVA.

143.

At all times relevant herein, Defendants have been and remain debtors as to Plaintiff H&A on the claims and liable for the debt, as said terms are defined in the UTVA.

144.

Defendant Sango, Hangbok, Sue, and John Does 1-10 have been insiders as defined in the UTVA.

145.

Multiple transfers, including those identified above, constituted fraudulent and voidable transfers pursuant to O.C.G.A. §§ 18-2-74 and 18-2-75, and are recoverable from the Defendants jointly and severally and their transferees pursuant to O.C.G.A. §§ 18-2-77 and 18-2-78.

146.

In addition to other relief available under Georgia law, Plaintiff H&A is entitled to relief such as that suggested in the non-exclusive remedies contained in O.C.G.A. § 18-2-77:

a.  Avoidance of the transfers or obligations (including without limitation, the Defendants funneling of Defendant Sky One's funds into a $93,000 vehicle and the Old Conyers Property) to the extent necessary to satisfy Plaintiff H&A's claims;

b.  An attachment or other provisional remedy against the assets transferred or other property of the transferee in accordance with the procedure prescribed by Chapter 3 of Title 18 of OCGA; and

c.  Subject to applicable principles of equity and in accordance with applicable rule of civil procedure:

    i.   An injunction against further disposition by the debtors or the transferees, or all of them, of the assets transferred or of other property;

    ii.   An equitable lien and a constructive trust over the Vehicle and the Old Conyers Property and any other real or personal property that Defendants acquired through their improper acts;

    iii. Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; and/or

    iv. Any other relief of the circumstances may require.

147.

In addition, pursuant to O.C.G.A. § 18-2-21, Plaintiff H&A is entitled to "[r]ight of creditors to attack judgments, conveyances, or other arrangements interfering with creditors' rights," and it further provides: "[c]reditors may attack as fraudulent a judgment, conveyance, or any other arrangement interfering with their rights, either at law or in equity." As such, Plaintiff H&A invokes this Court's equitable powers to reverse any of the Defendants' conveyances, or any other arrangement interfering with Plaintiff's rights, including without limitation, rights that the Plaintiff have in the Vehicle and the Old Conyers Property that were purchased, in whole or in part, through Defendant Sky One funds.

148.

In the event Plaintiff's claims and theories of recovery at law provide no relief or incomplete relief, then in addition or in the alternative, Plaintiff H&A invokes this Court's equitable powers to provide Plaintiff H&A a complete remedy and to ensure that none of the Defendants jointly and severally enjoy or retain any benefit for their wrongful conduct.

149.

As a result of their fraudulent transfers, the Defendants jointly and severally have obtained benefits including, but not limited to, preferential transfers of assets from Defendant Sky One. It would be entirely inequitable to permit the Defendants to keep and otherwise benefit from these fraudulent transfers. Equity demands that all benefits that Defendants have enjoyed because of their wrongful conduct be returned to Plaintiff H&A.

150.

Further, Plaintiff is entitled to compensatory damages, punitive damages, pre and post-judgment interest, attorneys' and expenses incurred in bringing these claims, in amount to be determined at trial. Moreover, Plaintiff is entitled to relief against Defendants and their transferees jointly and severally, as provided in O.C.G.A. §§ 18-2-77 and 18-2-78.

151.

In addition, the Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expenses, thereby Plaintiff is entitled to recover its damages as well as its attorneys' fees and expenses of litigation as set forth in O.C.G.A. §13-6-11.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff H&A respectfully prays for judgment in its favor and against Defendants, jointly and severally as follows:

a. As to Counts I and II, for an award of Plaintiff's actual and consequential damages to be established at trial, but in no event less than $1,130,000.00, plus treble damages pursuant to 18 U.S.C. § 1964;

b. As to Count I and II for Plaintiff's attorneys' fees, expenses, costs, and pre and post judgment interest;

c. As to Counts I and II, for an injunction enjoining Defendants from engaging in the wrongful conduct alleged in this Complaint;

d. As to Count III, for an award in favor of Plaintiff H&A in an amount to be determined at trial, but in no event less than $1,130,000.00, against Defendants, jointly and severally, for their fraudulent inducement and fraud, including compensatory damages, punitive damages as determined by the

enlightened conscious of the jury, and attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11;

e.  As to Count IV, and in the alternative, for an award in favor of Plaintiff H&A against Defendant Sky One in an amount to be determined at trial, but in no event less than $1,130,000.00, plus (1) damages related to the cost to extinguish and remove the Active Liens from the Jones Property, (2) pre and post judgment interest and (3) attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

f.  As to Count V, and in the alternative, for an award in favor of Plaintiff H&A in an amount to be determined at trial, but in no event less than $1,130,000.00 against the Defendants, jointly and severally due to their unjust enrichment, plus attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11, as well as any injunctive relief required to restore to Plaintiff H&A that which Defendants have taken from Plaintiff H&A, which includes, but is not limited to the imposition of an equitable lien, a constructive trust, and an equitable accounting to determine the whereabouts of the monies improperly spent by Defendants;

g.  As to Count VI, that the corporate veil of Defendant Sky One be pierced and that each of the applicable individual Defendants be held personally liable,

jointly and severally, for the misconduct and liabilities of their alter ego entity, plus attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11;

h.  As to VII, that the Defendants' voidable or fraudulent transfers be declared void and that judgment herein be declared a lien on all such transferred assets and property (including without limitation the Vehicle and Old Conyers Road Property into which the Defendants funneled Defendant Sky One's funds), that any such conveyance be declared void, and that the Court use its equitable powers to impose an equitable lien, constructive trust, and equitable accounting;

i.  Equitable relief to the extent that Plaintiff H&A's various claims at law provide no relief or incomplete relief; and

j.  For such other relief as this Court deems just and proper.

Respectfully submitted this 4th day of June 2025.

**CHALMERS, ADAMS,**
**BACKER & KAUFMAN, LLC**
100 North Main Street, Suite 340
Alpharetta, GA 30009
rkaufman@chalmersadams.com
jpatino@chalmersadams.com
404-625-8000

**CHALMERS, ADAMS,**
**BACKER & KAUFMAN, LLC**
*/s/ Robert J. Kaufman*
Robert J. Kaufman
Georgia Bar No. 409197
Juan S. Patino
Georgia Bar No. 284280